Case 4:17-cv-00572   Document 33   Filed on 07/10/17 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
July 10, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL IVAN CONN, § | |
|     *Petitioner*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:17-CV-00572 |
| § | |
| LORIE DAVIS, § | |
| Director of the Texas Department of § | |
| Criminal Justice - Correctional § | |
| Institutions Division, § | |
|     *Respondent*. § | |

**MEMORANDUM AND RECOMMENDATION**

Petitioner Michael Conn, a Texas state inmate, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a prison disciplinary action. Dkt. 1. This matter was referred to this magistrate by United States District Judge Lynn N. Hughes. Dkt. 4. Respondent filed a motion for summary judgment. Dkt. 16. After reviewing the record, the Court recommends that Conn's petition be denied with prejudice.

**Background**

Conn is currently serving a fifty-year sentence for burglary, among other offenses, pursuant to the judgement of the 36th District Court of San Patricio County, delivered on April 21, 1993.[1] Dkt. 1 at 2. A detailed procedural history is not necessary because Conn

---

[1] Respondent's motion for summary judgement mentions that this Court lacks personal jurisdiction over the parties in this case. Dkt. 16. A writ of habeas corpus "may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." U.S.C.A § 2241(d). Conn is currently serving a sentence pursuant to a judgement from San Patricio County, located within the Corpus Christi division of the Southern District of Texas. Since section 2241 does not make the distinction between divisions within a district, this Court has proper jurisdiction and may consider the petition.

1

does not challenge his underlying conviction. Rather, Conn challenges the outcome of a prison disciplinary hearing held on October 13, 2016. Dkt. 1 at 5. During this hearing, Conn was found guilty of possessing contraband. *Id.* Conn was given a 45-day loss of recreation, commissary, and phone privileges. *Id.* Further, Conn was dropped from a S-3 inmate status to an S-4, which affected the date of his parole hearing. Conn's appeal grievances were denied. Dkt. 1 at 5.

In his petition for federal habeas corpus relief, Conn complains that he was denied due process during the disciplinary proceeding because: (1) prison officials failed to conduct a proper investigation, (2) counsel was ineffective for failing to challenge the sufficiency of the evidence, (3) the wrong standard was applied at the disciplinary hearing, and (4) the government failed to produce its evidence. Dkt. 19 at 1-2.

## Analysis

Summary judgment is proper when there exists no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). This standard applies to habeas corpus cases. *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). The writ of habeas corpus is an extraordinary remedy available only to prisoners "in custody in violation of the Constitution or laws or treaties of the United States." *28 U.S.C.* §§ 2241(c)(3) & 2254(a); *Koetting v. Thompson*, 995 F.2d 37, 39 (5th Cir. 1993).

The protection of the Due Process Clause of the Fourteenth Amendment extends to prisoners involved in prison disciplinary hearings. *See Wolff v. McDonnell*, 418 U.S. 539, 555 (1974). However, not every "change in the conditions of confinement having a

2

substantial adverse impact on the prisoner involved is sufficient to invoke the protections of the Due Process Clause." *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Only those state-created substantive interests that "inevitably affect the duration of [a prisoner's] sentence" may qualify as protected liberty interests under the Due Process Clause. *Sandin v. Conner*, 515 U.S. 472, 487 (1995). Mere changes in the conditions of confinement, such as cell restrictions and loss of commissary privileges, do not raise due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

Conn lost recreation, commissary, and phone privileges which do not raise due process concerns. These losses constitute nothing more than a change in his conditions of confinement, from which this Court cannot grant relief.

Likewise, the change in Conn's parole hearing does not warrant habeas relief. There is no constitutional or inherent right to parole. *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). Because parole is within the complete discretion of the state (*Teague v. Quarterman*, 482 F.3d 769, 774 (5th Cir. 2007)), the change in Conn's parole eligibility date does not raise constitutional implications and the Court cannot grant relief.

Finally, Conn claims his counsel was ineffective for failing to argue the lack of evidence against him. Inmates do not have a right to either appointed or retained counsel at prison disciplinary hearings and, as such, there is no constitutional violation on which habeas relief can be granted. *See Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976).

**Conclusion**

The Court recommends that Conn's petition be denied with prejudice. All other motions should be terminated as moot. The Court further finds that Conn has not made a substantial showing that he was denied a constitutional right, or that was debatable whether this Court is correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the Court recommends that a certificate of appealability not issue.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas, on July 10, 2017.

Stephen Wm Smith
United States Magistrate Judge